FILED - GR
March 23, 2011 3:51 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY MKC / _____ SCANNED BY _____ /_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

1:11-cv-294
Robert J. Jonker
U.S. District Judge

LORI A. SMITH,

      Plaintiff,

v.

MERCANTILE ADJUSTMENT
BUREAU, LLC,

      Defendant.

_____/

**Complaint**

**I.   Introduction**

1.   This is an action for damages, brought by a consumer against a debt collector for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*

**II.   Jurisdiction**

2.   This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

**III.   Parties**

3.   Plaintiff Lori A. Smith is an unmarried, adult, natural person residing in Kent County, Michigan. Miss Smith is a "consumer" and "person" as the terms are defined and used in the FDCPA. Miss Smith is a "consumer," "debtor" and "person" as the terms are defined and

1

used in the MCPA and MOC.

4. Defendant Mercantile Adjustment Bureau, LLC ("MAB"), also known in Michigan as Mercantile Adjustment Bureau of New York, LLC, is a New York limited liability company. MAB holds a certificate of authority to transact business in Michigan for the express purpose of "Debt Collections." The registered agent for MAB in Michigan is National Registered Agents, Inc., 712 Abbott Road, East Lansing, Michigan 48823. MAB uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. MAB regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. MAB is a "debt collector" as the term is defined and/or used in the FDCPA. MAB is licensed (No. 2401002079) by the State of Michigan to collect delinquent consumer debts in Michigan. MAB is a "collection agency" and "licensee" as the terms are defined and/or used in the MOC.

**IV. Facts**

5. Miss Smith had a credit account which she used to purchase goods and/or services for personal, family and household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and used in the FDCPA and MOC.

6. The original creditor or a successor in interest hired MAB to collect the alleged debt from Miss Smith.

7. Alternatively, MAB purchased the alleged debt after the account allegedly was in default.

8. Miss Smith resides with an adult, natural person named Felipe Cervantes.

9. In February and/or March, 2011, MAB placed a telephone call to a telephone used

jointly by Miss Smith and Mr. Cervantes and left the following pre-recorded and/or computer generated message on the voice mail used jointly by Miss Smith and Mr. Cervantes: "Hello. This is a message for Lori A. Smith. If you are not Lori A. Smith, please disconnect this call. By continuing to listen to this message you acknowledge that you are Lori A. Smith. This is [unintelligible] from Mercantile Adjustment Bureau. Please contact me about an important personal business matter at 1-877-230-8371. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose."

10. The recorded message left by MAB for Miss Smith was heard by Mr. Cervantes.

11. The recorded message left by MAB for Miss Smith was a "communication" as the term is defined and used in the FDCPA

12. MAB did not obtain the prior consent of Miss Smith to communicate with Mr. Cervantes in connection with the collection of the alleged debt.

13. MAB did not obtain the prior consent of Miss Smith to communicate to Mr. Cervantes that MAB was attempting to collect a debt from Miss Smith.

14. Miss. Smith has never given MAB permission to speak with Mr. Cervantes regarding the alleged debt.

15. A debt collector may not communicate, in connection with the collection of a debt, with any person other than the consumer, except to acquire "location information" about the consumer. 15 U.S.C. § 1692b; 15 U.S.C. § 1692c(b).

16. The FDCPA defines "location information" to mean "a consumer's place of abode and his telephone number at such place, or his place of employment." 15 U.S.C. § 1692a(7).

17. A debt collector when communicating with any person other than the consumer

for the purpose of acquiring location information about the consumer shall not state that such consumer owes any debt. 15 U.S.C. § 1692b(2).

18. The FDCPA states that a debt collector when communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall, "only if expressly requested, identify his employer." 15 U.S.C. § 1692b(1).

19. MAB disclosed the name of its company in the recorded messages left by MAB and heard by Mr. Cervantes, without an express request for such information by Mr. Cervantes, violating the FDCPA.

20. Nothing in the law entitled MAB to leave a recorded message for Miss Smith on a telephone voice mail.

21. Nothing in the law entitled MAB to leave a recorded message for Miss Smith on a telephone answering machine when the message might be heard by someone other than Miss Smith.

22. MAB could have used other methods to communicate with Miss Smith.

23. MAB could have chosen to communicate with Miss Smith by postal mail.

24. MAB could have chosen to communicate with Miss Smith by speaking directly to Miss Smith by telephone.

25. MAB could have chosen not to leave a recorded message for Miss Smith on a telephone voice mail.

26. MAB could have chosen to have a live person make the telephone call to Miss Smith and then use discretion regarding whether to leave a recorded message. Instead, and to save money, MAB chose to use an auto-dialer to place the telephone call and leave a pre-

recorded and/or computer generated messages, without regard for the privacy of Miss Smith and without regard for the requirements of the FDCPA.

27. MAB violated 15 U.S.C. § 1692c(b) by leaving a recorded message on a voice mail, which communicated to Mr. Cervantes that MAB was attempting to collect an alleged debt from Miss Smith. *Berg v. Merchants Association Collection Division, Inc.*, 586 F.Supp. 1336 (S.D. Fla. 2008).

28. MAB is a member of ACA International ("ACA").

29. ACA is a trade group for debt collectors. According to the ACA website (www.acainternational.org), MAB has been a member of ACA since 1962.

30. Over the past two or more years, ACA sent multiple writings to its members, warning about the risks associated with violating the FDCPA by leaving a message on an answering machine or voice mail, resulting in an unlawful disclosure to a third party that a consumer allegedly owes a debt.

31. MAB in each pre-recorded and/or computer generated message left for Miss Smith on voice mail warned others not to listen to the message, establishing that MAB recognized the likelihood that someone other than Miss Smith might hear the messages.

32. MAB knowingly assumed the risk of violating the FDCPA by leaving a message on voice mail, stating that MAB was calling to collect a debt, and knowing that the message might be heard by someone other than Miss Smith.

33. It was unreasonable for MAB to assume that someone sharing a voice mail account with Miss Smith would obey MAB's command to "hang up or disconnect" and not listen to a recorded message left by MAB for Miss Smith on the shared voice mail account.

34. MAB failed to maintain procedures reasonably adapted to avoid disclosing to a third party that a consumer owes a debt. Instead, MAB left recorded messages for the consumer on voice mail, knowing it was possible that the message might be heard by someone other than the consumer.

35. MAB failed to maintain procedures reasonably adapted to avoid disclosing to a third party that Miss Smith owes a debt. Instead, MAB left recorded messages for Miss Smith on voice mail, knowing that it was possible that the message might be heard by someone other than Miss Smith.

36. MAB scripted and intended to speak the words that were spoke by MAB when leaving the above-described messages on voice mail for Miss Smith in connection with efforts to collect a debt from Miss Smith.

37. MAB failed to send Miss Smith a timely notice of her rights as required by the FDCPA, 15 U.S.C. § 1692g.

38. The acts and omissions of MAB and its employees done in connection with efforts to collect a debt from Miss Smith were done intentionally and wilfully.

39. MAB and its employees intentionally and wilfully violated the FDCPA and MOC.

40. As an actual and proximate result of the acts and omissions of defendant and its employees, plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which she should be compensated in an amount to be established by jury and at trial.

## V. Claims for Relief

### Count 1– Fair Debt Collection Practices Act

41. Plaintiff incorporates the foregoing paragraphs by reference.

42. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

   a) Defendant violated 15 U.S.C. § 1692b;

   b) Defendant violated 15 U.S.C. § 1692c;

   c) Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

   d) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff; and

   e) Defendant violated 15 U.S.C. § 1692g.

**Wherefore,** plaintiff seeks judgment against defendant for:

   a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

   b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

   d) Such further relief as the court deems just and proper.

### Count 2 – Michigan Occupational Code

43. Plaintiff incorporates the foregoing paragraphs by reference.

44. Defendant has violated the MOC. Defendant's violations of the MOC include, but are not necessarily limited to, the following:

a) Defendant violated M.C.L. § 339.915(m) by bringing to public notice that the consumer is a debtor;

b) Defendant violated M.C.L. § 339.915(n) by using a harassing, oppressive, or abusive method to collect a debt;

c) Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee; and

d) Defendant violated M.C.L. § 339.918.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to M.C.L. § 339.916(2);

b) Treble the actual damages pursuant to M.C.L. § 339.916(2);

c) Statutory damages pursuant to M.C.L. § 339.916(2);

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2); and

e) Equitable relief pursuant to M.C.L. § 339.916(1).

**Demand for Trial by Jury**

Plaintiff demands trial by jury.

Dated: March 22, 2011

_____
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com